Hermelinda **RODRIGUEZ**, Plaintiff,

v.

**UNUM LIFE INSURANCE COMPANY OF AMERICA** Defendant.

No. 98 C 6444.

United States District Court,
N.D. Illinois,
Eastern Division.

Dec. 15, 1999.

---

Donald Nathan, Donald S. Nathan, P.C., Chicago, IL, for plaintiff.

Mary Kathryn Kelly, Melisa G. Thompson, Cahill, Christian & Kunkle, Ltd., Chicago, IL, for defendant.

### MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

Hermelinda Rodriguez brings this action against UNUM Life Insurance Company of America ("UNUM") based on its decision to terminate her disability benefits after 24 months. UNUM moves for summary judgment, which I grant.

#### I. *Background*

After over twelve years of employment at YKK U.S.A. ("YKK"), the plaintiff Hermelinda Rodriguez found herself no longer able to perform her duties as a machine/operator packer due to physical limitations. Therefore, she submitted a claim for disability benefits to the defendant UNUM, which provided a group term disability policy to YKK and its employees. Her treating physician, Dr. Rivera, determined that Ms. Rodriguez suffered from various chronic pains and decreased functionality and strength in her right arm due to tendons which were lacerated and repaired twelve years earlier and a number of diagnosed medical conditions. Dr. Rivera also concluded, after consulting a hand specialist, that Ms. Rodriguez should not perform repetitive movements with her right arm or lift anything over ten pounds. UNUM requested and reviewed Dr. Rivera's records and approved the disability claim. Shortly thereafter, UNUM hired a vocational consultant, Luisa Castellanos, to assess the occupational alternatives potentially available to Ms. Rodriguez. Ms. Castellanos interviewed Ms. Rodriguez and reviewed her medical records, then issued a report entitled "Initial Vocational Evaluation" in which she concluded that Ms. Rodriguez was "employable" but listed several factors likely to hamper her job search process.

After paying Ms. Rodriguez benefits for 15 months, UNUM requested and received updated medical information from Dr. Rivera to determine her continuing eligibility for disability benefits. In a letter dated November 4, 1997, UNUM informed the plaintiff's attorney that based on the medical information and findings of the vocational consultant, Ms. Rodriguez was not precluded from performing certain stated types of occupations so she would not be entitled to disability benefits beyond the 24–month period. UNUM paid Ms. Rodriguez 24 months of disability benefits but denied any further payments. Ms. Rodriguez challenges her denial of benefits pursuant to ERISA, and UNUM moves for summary judgment.

#### II. *Standard of Review*

Summary judgment is appropriate where there are no genuine issues of material fact and the moving party is entitled to

judgment as a matter of law. Fed. R.Civ.P. 56(c); *Lexington Ins. Co. v. Rugg & Knopp*, 165 F.3d 1087, 1090 (7th Cir. 1999). When considering a motion for summary judgment, I review the entire record, drawing all reasonable inferences in the light most favorable to the non-moving party. *Cornfield by Lewis v. Consolidated High School Dist. No. 230*, 991 F.2d 1316, 1320 (7th Cir.1993).

■ A denial of benefits challenged under ERISA is reviewed de novo unless the benefit plan gives the administrator discretionary authority to determine eligibility for benefits or to construe the terms of the plan. *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 115, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989); *see also Ramsey v. Hercules, Inc.*, 77 F.3d 199, 202 (7th Cir.1996). Where a plan confers this discretionary power, the administrator's decisions are reviewed under the more deferential "arbitrary and capricious" standard of review. *Ramsey,* 77 F.3d, at 202. UNUM's policy with YKK provides that when it "receives proof that an insured is disabled due to sickness or injury and requires the regular attendance of a physician," it will pay disability benefits for "the period of disability if the insured gives to the Company [UNUM] proof of continued" disability and regular attendance of a physician. I find this language grants discretion sufficient to invoke the more deferential standard of review. *See e.g. Infantino v. Waste Management, Inc.*, 980 F.Supp. 262, 266 (N.D.Ill.1997)(nearly identical language confers discretion); *Patterson v. Caterpillar, Inc.*, 70 F.3d 503, 505 (7th Cir.1995)(language requiring "such due proof as shall be from time to time required" of a disability invokes arbitrary and capricious standard). I therefore review UNUM's denial of Ms. Rodriguez's claim under the arbitrary and capricious standard.

### III. *Discussion*

■ Under the arbitrary and capricious standard, the administrator's decision is upheld as long as the decision is based upon a reasonable interpretation of the policy language and the evidence. *Daill v. Sheet Metal Workers' Local 73 Pension Fund*, 100 F.3d 62, 67–68 (7th Cir.1996); *Russo v. Health, Welfare & Pension Fund, Local 705, Int'l Broth. of Teamsters*, 984 F.2d 762, 765 (7th Cir.1993). The UNUM policy provides a bifurcated scheme whereby a claimant is considered disabled for the first 24 months if she is unable to perform the material duties of her own occupation. Then, after 24 months, a claimant is considered disabled only if she cannot perform the material duties of *any* gainful occupation for which she is reasonably fitted by training, education or experience. Ms. Rodriguez clearly was entitled to the two years of disability benefits she received when she became unable to fulfill her duties as a machine operator. However, the determination after 24 months is whether she is suited for *any* occupation given her training, education and experience. Therefore, the argument offered by Ms. Rodriguez that because she was considered disabled for two years under the policy and her condition has not improved, she must still be considered disabled controverts the plain language of the policy.

■ According to the policy, UNUM need only consider whether, given her medical condition, Ms. Rodriguez could perform other jobs based on her "training, education or experience." Ms. Rodriguez claims that UNUM failed to consider her poor English skills, severity of injury, and low level of education, training and experience. Although Ms. Rodriguez may not have agreed with the manner in which these factors were weighed, I find that UNUM considered them all. As to the severity of injury, while Dr. Rivera states that many of Ms. Rodriguez's conditions are permanent, she does not rule out the possibility of her returning to work. In fact, Dr. Carroll, the hand specialist to whom Ms. Rodriguez was referred by Dr. Rivera, said "I do think that she can return to gainful employment but should not do work that is highly repetitive or involve lifting over ten pounds."

As indicated by the report headings in the Initial Vocational Assessment, Ms. Castellanos also evaluated other factors impacting Ms. Rodriguez's future employment opportunities, including her social/educational background, financial status, work history, and transferable skills and occupational alternatives. Ms. Rodriguez makes much of her limited English skills. However, Ms. Castellanos investigated concerns about Ms. Rodriguez' English skills and found that she had previously worked with English-speaking co-workers and picked up English communication skills at her workplace. Although Ms. Rodriguez might be *more* marketable if she improved her English skills, Ms. Castellanos concluded that Ms. Rodriguez has "simple English communication skills" and "is able to sustain a basic conversation in English." Finally, she states that jobs in the plaintiff's worker category, semiskilled to unskilled, often do not require fluent English communication skills. It was therefore reasonable for UNUM to conclude that based on her past work experience, Ms. Rodriguez could gain employment with her current, basic English skills, particularly in a city like Chicago which has a significant Spanish-speaking population.

Ms. Castellanos also reviewed Ms. Rodriguez's educational and work background and surmised that she possessed a number of abilities and transferable work skills. After taking into account her education, training, work experience and language skills, Ms. Castellanos offers a number of positions for which Ms. Rodriguez may be eligible, including: packing room supervisor, packing supervisor, sales/self-service counter clerk, washroom attendant, home health aide, and gate guard. Admittedly, this vocational assessment is an initial assessment which makes assumptions based on Ms. Rodriguez's work history and background rather than testing or eyewitness accounts. The consultant notes that Ms. Rodriguez may require some further training and that the listed occupations may be subject to labor market availability. A more thorough evaluation might have fol-

lowed up on these items to make certain that Ms. Rodriguez could gain employment in these positions in her current condition. Nonetheless, the assessment, viewed as a whole, favors the view that Ms. Rodriguez is capable of working. More importantly, Ms. Rodriguez bears the burden of proving her disability, and she offers no evidence contrary to the contents of the assessment or its ultimate conclusion that she is "employable." In its letters denying further disability benefits to Ms. Rodriguez, UNUM explains that taking into account her medical restrictions and the report of the vocational rehabilitation consultant it hired, Ms. Rodriguez is not precluded from gainful employment avalable in her geographical area.

Ms. Rodriguez argues that whether UNUM considered all the evidence is a question of fact requiring jury consideration. This argument ignores the Seventh Circuit's unequivocal decision that jury trials are not available in suits brought under section 502(a)(1)(B) for the denial of disability benefits. *Brown v. Retirement Comm. Of Briggs & Stratton Retirement Plan,* 797 F.2d 521, 527 (7th Cir.1986).

Based on the medical evidence and the findings of the vocational consultant it hired, UNUM decided that Ms. Rodriguez is able to achieve gainful employment for which she is reasonably fitted by training, education, or experience and therefore does not meet the policy definition of "disabled." It is not my function to decide whether I would reach the same conclusion as UNUM, only to review whether its decision is clearly unreasonable. *Brehmer v. Inland Steel Industries Pension Plan,* 114 F.3d 656, 660 (7th Cir.1997)(a plan's decision to deny benefits is reversed only if it is downright unreasonable). Given the medical records of the plaintiff's own physicians and an independent consultant's vocational assessment concluding the plaintiff is employable, UNUM could have rationally concluded that Ms. Rodriguez is able to achieve some gainful employment

and thus does not meet its policy's disability definition.

Because UNUM's decision that Ms. Rodriguez was not disabled under the terms of its policy was not arbitrary or capricious, UNUM's motion for summary judgment is GRANTED.